UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD MOODY, CDCR #G-26035,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PAULETTE FINANDER, Chief Medical Officer; K. BALL, Chief Medical Officer; RICHARD BUTCHER, MD; and MANORAM REDDY, Medical Care Provider,<br><br>　　　　　　　　　　Defendants. | Civil No.　09-0892 LAB (BGS)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE JUDGMENT AND GRANTING EXTENSION OF TIME TO RE-ATTEMPT U.S. MARSHAL SERVICE UPON DEFENDANT MANORAM REDDY PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>**[Doc. No. 43]** |

　　　Currently before the Court is Plaintiff's "Motion to Alter or Vacate or Amend Judgment [FED.R.CIV.P. 59]" [Doc. No. 43] in which he seeks reconsideration of the Court's April 2, 2010 Order [Doc. No. 38].

**I.　Procedural Background**

　　　The Court's April 2, 2010 Order: 1) dismissed unserved Defendant Manoram Reddy on grounds that Plaintiff had failed to effect service upon her pursuant to FED.R.CIV.P. 4(m), (April 2, 2010 Order at 4-5, 20); 2) denied Defendant Finander, Ball and Butcher's Motions to Dismiss

Plaintiff's Eighth Amendment inadequate medical care claims pursuant to FED.R.CIV.P. 12(b)(6), (*id.* at 7-11, 20); 3) granted Defendant Finander, Ball and Butcher's Motions to Dismiss Plaintiff's conspiracy claims without leave to amend pursuant to FED.R.CIV.P. 12(b)(6), (*id.* at 11-12 & n.2, 21); 4) denied Plaintiff's Motions for Appointment of Counsel, Preliminary Injunction and Leave to Amend, (*id.* at 17-19, 21); 5) granted Plaintiff's Motion Requesting Verification of Fee Payment, (*id.* at 20, 21); and 6) ordered Defendants Finander, Ball and Butcher to Answer the Eighth Amendment claims remaining in Plaintiff's Amended Complaint.[1] (*Id.* at 21.)

## II. Plaintiff's Motion

### A. Grounds

Plaintiff seeks reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure on grounds that he should have been permitted: 1) an opportunity to present and produce evidence before the Court dismissed his conspiracy claims, (*see* Pl.'s Mot. [Doc. No. 43] at 3-4); 2) leave to file a supplemental complaint pursuant to FED.R.CIV.P. 15(d) in order to address "ongoing" and subsequent constitutional violations arising at Salinas Valley State Prison since he initiated this action, (*see* Pl.'s Mem. or P&As in Supp. of Mot. [Doc. No. 43-1] at 1-2); and 3) an extension of time in which to attempt "re-service" of his Amended Complaint upon Defendant Reddy. (*See* Pl.'s Mot. at 1, 3; Pl.'s P&A's at 3.)[2]

Plaintiff's Motion was filed without proof of service by mail on any Defendant or counsel for any Defendant. *See* FED.R.CIV.P. 5(a)(1)(D) (requiring "written motion[s], except one that may be heard ex parte" be "served on every party."), FED.R.CIV.P. 5(d)(1) ("Any paper after the

---

[1] On April 15, 2010, Defendants Finander, Ball and Butcher filed their Answers [Doc. Nos. 39, 40].

[2] Plaintiff also acknowledges that the Court's April 2, 2010 Order verifying his satisfaction of the $350 filing fee required by 28 U.S.C. § 1914(a) was "just," but further requests that this Court "address the erroneous deduction" of $44 from his prison trust account. (*See* Pl.'s Mot. at 3.) The Court has already verified, however, that it has *not* collected any fees which "exceed the amount of fees permitted by the statute for the commencement of [this] civil action." 28 U.S.C. § 1915(b)(4). Any further inquiry Plaintiff may wish to pursue regarding a Salinas Valley State Prison trust account "decision, action, condition or policy" must be addressed through the California Department of Corrections and Rehabilitation's inmate/parolee administrative appeal procedure. *See* CAL. CODE REGS., tit. 15 § 3084.1(a) (2009).

complaint that is required to be served–together with a certificate of service–must be filed within a reasonable time after service."). Perhaps consequently, no Defendant has filed an Opposition.

### B. Standard of Review

If a motion to reconsider is filed within [28] days of the district court's order on the motion to strike and/or dismiss, the court will treat the motion as a Rule 59(e) motion.[3] *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (citing *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005)). A Rule 59(e) motion is properly granted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)). Most significantly in relation to Plaintiff's case, "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under FED.R.CIV.P. 59(e)).

### C. Application to Plaintiff's Case

Plaintiff first asks the Court to reconsider the dismissal of his conspiracy claims without leave to amend against Defendants Finander, Ball and Butcher on grounds that he should be permitted an "opportunity to present evidence" which would "remove doubt" that a conspiracy "did, in fact, exist." (Pl.'s Mot. at 2.)

/ / /

---

[3] Effective December 1, 2009, FED.R.CIV.P. 59(b) and 59(e) provide that the time for filing a motion for new trial or to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(b), (e). Before December 1, 2009, the time limit was 10 days. *See SLR Partners, LLC v. B. Braun Medical Inc.,* 2010 WL 330088 at *2 n.2 (S.D. Cal. 2010) (unpub.) ("Effective December 1, 2009, Federal Rule of Civil Procedure 59(e) gives parties 28 days to file a motion to alter or amend a judgment.").

As discussed in the Court's April 2, 2010 Order, however, a Motion to Dismiss brought pursuant to FED.R.CIV.P. 12(b)(6) determines simply whether the *complaint* contains enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court found that the vague Plaintiff's vague and conclusory allegations of conspiracy failed to meet this plausibility standard, and that to the extent they amounted to mere speculation, amending them would be futile. *See* April 2, 2010 Order at 11-12 & n.2. Plaintiff has not shown how the Court's conclusion was "clear error" or "manifestly unjust." *Dixon*, 336 F.3d at 1022.

Second, Plaintiff seeks reconsideration of the Court's denial of injunctive relief related to "ongoing" incidents at Salinas Valley State Prison ("SVSP") and leave to supplement his pleading with new constitutional violations arising at SVSP subsequent to the initiation of this action. *See* Pl.'s Mot. at 2-3; P&A's at 1-3. In its April 2, 2010 Order, the Court denied Plaintiff's Motion for injunctive relief because it lacked jurisdiction over the parties Plaintiff sought to enjoin. *See* April 2, 2010 Order at 18-19. The Court further denied Plaintiff's Motion for Leave to file a Supplemental Complaint adding new inadequate medical care and due process claims against SVSP officials pursuant to FED.R.CIV.P. 15(d) because alleging those claims in *this* case would violate 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirement. *Id.* at 19 (citing *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006)). Plaintiff's current Motion does not address either of these conclusions; instead it seeks reconsideration because these new claims are "closely connected," "ongoing" and now left "unchecked." (*See* Pl.'s P&A's at 1-2.) These arguments, however, do not justify relief under Rule 59(e) because they do not show "clear error" and instead merely "rehash arguments previously presented." *McQuillion*, 342 F.3d at 1014; *Navarro*, 972 F. Supp. at 1299.

Federal Rule of Civil Procedure 59(e) does not permit reconsideration merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2009) (citing

*Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Accordingly, Plaintiff's Motion to Alter/Amend or Vacate its April 2, 2010 Order must be denied. *See* FED.R.CIV.P. 59(e).

However, the Court *does* find good cause to extend the time in which Plaintiff may re-attempt service of his Amended Complaint and summons upon Defendant Reddy pursuant to FED.R.CIV.P. 4(m).

Rule 4 of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But is the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d) (in IFP proceedings, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

A marshal's or court clerk's delays or errors constitute "good cause" to avoid dismissal under FED.R.CIV.P. 4(m). *Puett*, 912 F.2d at 273. Therefore, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause'" for extending the time for service. *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). In fact, the Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by FED.R.CIV.P. 4(m), extend time for service retroactively after the 120-day service period has expired).

However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge.").

In its April 2, 2010 Order, the Court found that because Plaintiff had failed to execute service via the U.S. Marshal upon Defendant Reddy within the 120 days permitted by FED.R.CIV.P. 4(m), and had not requested an extension of time in which to either locate or re-attempt service upon Reddy after the summons was returned unexecuted on August 12, 2009, dismissal of Reddy was appropriate. *Walker*, 14 F.3d at 1421-22; *Rochon*, 828 F.2d at 1110. In his Motion, however, Plaintiff now asks that service be "re-issued" upon Reddy because he was unaware of the service failure and "was under the impression that there would be a specific phase appointed ... to call to mandate [any] [de]fects." (Pl.'s Mot. at 3.)

Thus, because Plaintiff's Eighth Amendment claims against Defendant Reddy are substantially similar to those alleged and found sufficient to survive Defendant Finander, Ball and Butcher's Motions to Dismiss, (Amend. Compl. at 2, 6; Pl.'s Attach. to Amend. Compl. at 10-12), the Court finds good cause to re-issue the materials necessary to re-attempt service upon Reddy, and to grant Plaintiff an extension of time pursuant to FED.R.CIV.P. 4(m) within which to do so. *See In re Sheehan,* 253 F.3d at 513; *Mann,* 324 F.3d at 1090.

**III.   Conclusion and Order**

For the reasons set forth above, the Court hereby:

1)   DENIES in part and GRANTS in part Plaintiff's Motion to Alter, Amend or Vacate the Court's April 2, 2010 Order pursuant to FED.R.CIV.P. 59(e) [Doc. No. 43]. Plaintiff's Motion is GRANTED only to the extent it includes a request for an extension of time in which to re-attempt service upon Defendant Reddy.

///

1  2) DIRECTS the Clerk of Court to provide Plaintiff with an additional "IFP Package" consisting of: (a) two certified copies of this Order; (b) two certified copy of the Court's July 17, 2009 Order Granting IFP and Directing U.S. Marshal Service of Plaintiff's First Amended Complaint [Doc. No. 10]; (c) two certified copies of the First Amended Complaint and its Attachment [Doc. Nos. 4, 4-1]; (d) an embossed alias summons on Plaintiff's First Amended Complaint (and one copy); and (e) one blank USM Form 285 for purposes of re-attempting service as to Defendant Manoram Reddy.

2) GRANTS Plaintiff an extension of time to effect service upon Defendant Reddy pursuant to FED.R.CIV.P. 4(m). Plaintiff shall complete, as accurately and clearly as possible, the new USM Marshal Form 285 provided to him, and shall return it to the United States Marshal, along with all the necessary materials described in the Clerk's letter accompanying his IFP package, *no later than July 9, 2010.*

3) IT IS FURTHER ORDERED that pursuant to FED.R.CIV.P. 4(c)(3), (m) and 28 U.S.C. § 1915(d), the U.S. Marshal shall, *within 30 days of receiving Plaintiff's new USM Form 285*, re-attempt service of Plaintiff's Amended Complaint and summons upon Defendant Reddy as directed by Plaintiff. All costs of service shall be advanced by the United States pursuant to the Court's July 17, 2009 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

**IT IS SO ORDERED.**

DATED: June 9, 2010

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge