# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| FLOYD STEVESON MOODY, | CASE NO. 09-CV-0892-LAB (BGS) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) DENYING PLAINTIFF'S MOTION TO NAME PARTIES BY CAPTION &** |
| PAULETTE FINANDER, Chief Medical Officer, *et al.*, | **(2) GRANTING IN PART & DENYING IN PART PLAINTIFF'S MOTION FOR COPY OF UPDATED DOCKET AND FOR SEALED ENVELOPES** |
| Defendants. | |

On June 21, 2010, Plaintiff Floyd Steveson Moody, an incarcerated individual proceeding pro se in this civil rights action pursuant to §1983, filed a motion to name parties by caption (Doc. No. 64) and a motion for a copy of an updated docket and for sealed envelopes (Doc. No. 65). For the reasons set forth below, the Court DENIES Plaintiff's motion to name parties by caption and GRANTS IN PART AND DENIES IN PART Plaintiff's motion for copy of updated docket and for sealed envelopes.

## I. Plaintiff's Motion to Name Parties by Caption

Plaintiff has requested in his motion to name parties by caption that Plaintiff's name and Defendants Paulette Finander, K Ball, Richard Butcher, and Manoram Reddy continue to appear in the caption on all documents within this action. (Doc. No. 64 at 1.) Plaintiff argues that all parties should appear in the caption of all documents within this action because

1  Defendants are "known" and not "unknown," as each defendant in this matter has been
2  identified since the filing of the First Amended Complaint (Id. at 1-2.) Plaintiff has cited no
3  legal support for his argument that every party must appear in the caption of every document
4  within this action.

5        Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must
6  name all parties; the title of other pleadings, after naming the first party on each side, may refer
7  generally to other parties." Fed. R. Civ. Pro. 10(a). This rule applies not only to pleadings,
8  but also to "motions and other papers" pursuant to Federal Rule of Civil Procedure 7(b)(2).
9  Therefore, other than a complaint, captions need only name the first party on each side and
10 then may refer generally to other parties.

11       In this case, Plaintiff Floyd Steveson Moody is the first and only plaintiff, and therefore
12 his name must appear in the caption of all documents filed in this action. Defendant Paulette
13 Finander is the first defendant named in Plaintiff's First Amended Complaint, and therefore
14 must be named in the caption of all documents. Captions of pleadings other than a complaint,
15 motions, and other papers filed in this action may refer generally to the other defendants
16 included in the caption of the First Amended Complaint. Accordingly, the Court DENIES
17 Plaintiff's motion to name parties by caption as the Federal Rules of Civil Procedure do not
18 require such a practice. The Court notes, however, that it will update the docket in this case
19 to remove "Unknown" as a defendant, as Plaintiff's First Amended Complaint identifies by
20 name the "unknown defendants" of Plaintiff's original Complaint and does not include any
21 other "unknown defendants." (See Doc. No. 4.)

22 **II.  Plaintiff's Motion for Copy of Updated Docket**

23       Plaintiff requests a copy of the updated docket sheet in this case be printed out and sent
24 to him. (Doc. No. 65 at 1.) The Court GRANTS Plaintiff's request and ORDERS the Clerk's
25 Office to mail an up-to-date print-out of the docket of this case to Plaintiff.

26 **III. Plaintiff's request for Sealed Envelopes**

27       Plaintiff also requests that all parties' correspondence sent to him in prison be securely
28 sealed and not sealed with tape. (Doc. No. 65 at 2.) Plaintiff asserts that envelopes not

properly sealed or sealed with tape fail to protect the confidentiality of his legal mail and serves as an open invitation to view his mail. (Id. at 4.) Plaintiff asserts that he never knew of and never received Defendant Richard Butcher's reply brief in support of his motion to dismiss Plaintiff's First Amended Complaint and only became aware of such reply upon receipt of the Court's Order on Defendant Butcher's motion to dismiss. (Id. at 5.)

In support of his request for sealed envelopes, Plaintiff cites various California prison regulations regarding confidential mail. (Id. at 4.) In reviewing the regulations cited by Plaintiff, there is no requirement for *incoming* confidential mail to be sealed in any particular fashion.[1] Accordingly, the Court DENIES Plaintiff's request for sealed envelopes as he fails to cite any legal authority for a court order requiring envelopes to be sealed in a particular manner. However, the Court will provide Plaintiff with a copy of Doc. No. 28, which Plaintiff asserts he never received despite the proof of service attached.[2]

**Conclusion**

For the reasons set forth above, the Court:

1. DENIES Plaintiff's motion to name parties by caption;

2. ORDERS the Clerk's Office to remove "Unknown" from the docket as a defendant in this case;

3. GRANTS Plaintiff's motion for copy of docket and ORDERS the Clerk's Office to send Plaintiff a copy of an up-to-date docket print-out;

4. DENIES Plaintiff's request for sealed envelops; and

---

[1] The regulations specifically provide that for *incoming* confidential mail, "designated staff shall open the letter in the presence of the addressed inmate at a designated time and place" and "staff shall not read any of the enclosed material." 15 C.C.R. §3143(a). Plaintiff's request for sealed envelopes expresses a concern that his legal mail could be read outside of his presence by prison staff, but does not allege that it in fact is being read. At best, Plaintiff's request for sealed envelopes alleges that Defendant Butcher's reply brief was never received due to poorly sealed envelopes. Under the regulations, if inmates wish to appeal department rules, regulations, policies, approved facility procedures or their application relating to mail and correspondence, inmates are to use the established inmate appeal procedures. See 15 C.C.R. §3137(a)-(b).

[2] Plaintiff requests that he "be served with any such effect that may be present where this finding is concerned" regarding his failure to receive Defendant Butcher's reply brief. As Plaintiff has received the Court's Order on Defendant Butcher's motion to dismiss, Plaintiff is in receipt of "any such effect" of Defendant Butcher's reply brief.

1       5.  ORDERS the Clerk's Office to send Plaintiff a copy of Doc. No. 28.

2       **IT IS SO ORDERED**.

3 DATED: July 15, 2010

                                              **BERNARD G. SKOMAL**
                                              United States Magistrate Judge