# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD STEVESON MOODY,<br><br>         Plaintiff,<br> vs.<br><br>PAULETTE FINANDER, Chief Medical Officer, et al.,<br><br>         Defendants. | CASE NO. 09-CV-0892-LAB (BGS)<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO SERVE A SUBPOENA &**<br>**(2) DIRECTING DEFENDANTS TO RESPOND** |

On September 7, 2010, Plaintiff Floyd Steveson Moody, an incarcerated individual proceeding pro se in this action, filed a motion for request to serve a subpoena pursuant to Fed. R. Civ. Pro. 45. (Doc. No. 72.) Plaintiff seeks to serve the subpoena on a non-party, the custodian of medical records at the Pleasant Valley State Prison, to obtain his medical records. (Id.) Plaintiff has attached to his motion a subpoena form issued from the Southern District of California.[1]

After a review of Plaintiff's motion, it appears that Plaintiff seeks the issuance of a

---

[1] Plaintiff has improperly put his signature on the line for the "issuing officer's signature and title." Under Rule 45(c)(3), "the clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." "That party must complete it before service." Id. "An attorney may also issue and sign a subpoena as an officer of: (A) a court in which the attorney is authorized to practice; or (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending." Id. Plaintiff is neither the clerk of court nor an attorney. Therefore, he may not sign a subpoena as an issuing officer.

1  subpoena out of the wrong district.  Pursuant to Federal Rule of Civil Procedure 45(a)(2)(C),
2  "a subpoena must issue . . . for production or inspection, if separate from a subpoena
3  commanding a person's attendance, *from the court for the district where the production or*
4  *inspection is to be made.*"  Plaintiff identifies the place of inspection on the subpoena form as
5  Pleasant Valley State Prison.  (Doc. No. 72 at 7.)  Pleasant Valley State Prison is located in
6  Coalinga, California.  (Id. at 2.)  Coalinga is located in Fresno County, California, which is
7  part of the Eastern District of California.  28 U.S.C. §84(b).  Therefore, if Plaintiff wishes to
8  serve a subpoena upon the custodian of medical records at Pleasant Valley State Prison, he
9  must request a subpoena from the Eastern District of California.  Accordingly, the Court denies
10 Plaintiff's request for a subpoena pursuant to Rule 45 as it appears this Court is not the proper
11 issuing court.

12  Although Plaintiff's motion seeks a subpoena to obtain the medical records from a non-
13 party, Plaintiff indicates that he has requested these documents from Defendants, who have
14 objected to Plaintiff's request by stating that Plaintiff can obtain these records "through the
15 institution."[2]  (Doc. No. 72 at 3.)  Plaintiff is seeking records that are likely to be in the
16 possession, custody and/or control of Defendants, as he seeks his Pleasant Valley State Prison
17 unit health record[3] (Volumes I and II) in this §1983 action based upon inadequate medical care.
18 As the Eastern District of California has stated, "it is highly unlikely that Defendants do not
19 have possession, custody, or control of these documents, assuming that the documents exist
20 somewhere within the California Department of Corrections and Rehabilitation."[4] Carter v.
21 Dawson, 2010 WL 1796798 *2 (E.D. Cal. May 4, 2010).  "A party may be ordered to produce
22 a document in the possession of a non-party entity if that party has a legal right to obtain the

---

[2] 15 C.C.R. §3370(c) provides that an inmate "may review their own case records file and unit health records."  Plaintiff states that he has attempted to review his health records by requesting to review them through the prison procedures, but was told that the "records could not be found."

[3] "Unit health records means a patient's health record that includes all records of care and treatment rendered to an inmate-patient."  15 C.C.R. §3370(a).

[4] Plaintiff's health record should be at Pleasant Valley State Prison, as Title 15 of the California Code of Regulations, section 3355(b) requires that, "[t]he health record of each new arrival shall be reviewed to determine the need for previously prescribed medications or continuing treatment for unusual or chronic health problems."

1 document or has control over the entity who is in possession of the document." Soto v. City
2 of Concord, 162 F.R.D. 603, 619 (N.D.Cal.1995) (citing Buckley v. Vidal, 50 F.R.D. 271, 274
3 (S.D.N.Y.1970)).

4      Although the California Department of Corrections and Rehabilitation ("CDCR") is not
5 a party to this action, Defendants Paulette Finander and K. Ball, who are employed by CDCR
6 as Chief Medical Officers, "can generally obtain documents such as the ones at issue here by
7 simply requesting them from CDCR." Carter, 2010 WL 1796798 *2; see also Johnson v.
8 Vord, 2008 WL 3892106 *2 (E.D. Cal. Aug. 21, 2008) (requesting defense counsel contact the
9 prison litigation office to facilitate a review of Plaintiff's medical file for him). As such,
10 Defendants Finander and Ball, as employees of CDCR, are to respond to Plaintiff's request for
11 a subpoena on or before **October 15, 2010**. Defendants shall set forth facts that persuasively
12 demonstrate why they do not have access to these documents. If Defendants do have access,
13 Defendants shall address any reasons why they object to supplying Plaintiff with the
14 documents in response to his request or why they object to facilitating a review of the records
15 for Plaintiff, as resolving this matter informally would avoid unnecessary expenditure of
16 resources.

17      **IT IS SO ORDERED**.
18 DATED: October 1, 2010

19
20                                       **BERNARD G. SKOMAL**
                                      United States Magistrate Judge

21
22
23
24
25
26
27
28