1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLOYD STEVESON MOODY,<br><br>                                      Plaintiff,<br><br>          vs.<br><br>PAULETTE FINANDER, Chief Medical<br>Officer, et al.,<br><br>                                      Defendants. | CASE NO. 09-CV-0892-LAB (BGS)<br><br>**REPORT AND<br>RECOMMENDATION TO DENY<br>PLAINTIFF'S MOTION TO<br>ENTER DEFAULT JUDGMENT<br>AND GRANT DEFENDANT'S<br>MOTION TO SET ASIDE<br>DEFAULT** |

## I. INTRODUCTION

On June 1, 2010, Plaintiff Floyd Moody, an incarcerated individual proceeding pro se in this civil rights action, filed a motion for default judgment against Manorma Reddy, M.D.[1] (Doc. No. 77.) Defendant Reddy filed a motion to set aside the entry of default on November 1, 2010. (Doc. No. 84.) For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's motion to enter default judgment be **DENIED** and Defendant's motion to set aside entry of default be **GRANTED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint on April 20, 2009, and his First Amended Complaint

---

[1]Erroneously sued as Manoram Reddy.

("FAC") on June 4, 2009. (Doc. Nos. 1, 4.) On July 17, 2009, a summons was issued as to Defendant Reddy and was returned unexecuted on August 13, 2009. (Doc. Nos. 11, 14.) On June 10, 2010, a summons was again issued as to Defendant Reddy. (Doc. No. 59.) On June 28, 2010, what appeared to be an executed summons as to Reddy was filed with the clerk. (Doc. No. 61.) On the executed summons, the U.S. Marshall or Deputy certified that at 9:25 a.m. on June 23, 2010, he or she personally served the "individual... at the address shown above," namely Manoram Reddy, with the summons and FAC. (Doc. No. 61.) On October 8, 2010, Plaintiff filed a request for entry of Clerk's default against Reddy because Reddy had failed to plead or otherwise respond to the FAC within the time prescribed by the Federal Rules of Civil Procedure. (Doc. No. 75.) On October 8, 2010, the Clerk entered default against Reddy and Plaintiff filed a motion for default judgment against Reddy. (Doc. Nos. 76, 77.) On October 27, 2010, an executed summons was filed that was identical to the summons filed on June 28, 2010, except that it instead identified Harris Koenig as the person actually served. (Doc. No. 83.) On November 1, 2010, Defendant Reddy filed a motion to set aside default. (Doc. No. 84.) Plaintiff did not file a response in opposition to Defendant's motion, which under Local Civil Rule 7.1 was due no later than November 22, 2010. On November 29, 2010, Defendant Reddy filed a notice of non-opposition, indicating that as of November 23, 2010 she had not received an opposition to her motion to set aside default.  (Doc. No. 86.)

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation (R&R). The Court determines that this matters is appropriate for resolution without oral argument, submits the motion on the parties' papers pursuant to Local Civil Rule 7.1(d)(1), and vacates the hearing set for December 6, 2010.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), a court may set aside a default for "good cause." To determine whether good cause exists to set aside a default judgment, courts consider three factors: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.

2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001); *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The Ninth Circuit also applies these factors when deciding whether to set aside an entry of default, except the court's discretion is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (citation and quotation marks omitted). Furthermore, the court grants a default judgment "only in extreme circumstances," as "a case should, whenever possible, be decided on the merits." *TCI Group Life Ins. Plan,* 244 F.3d at 696, (citing *Falk*, 739 F.2d at 463).

## IV. DISCUSSION

**A. Whether the defendant's culpable conduct led to the default**

There is a two prong analysis in determining whether the defendant's culpable conduct led to the default. A defendant's conduct is culpable if he or she has received actual or constructive notice of the filing of the action and if he or she intentionally failed to answer. *TCI Group Life Ins. Plan*, 244 F.3d at 697.

### 1.  Actual or Constructive Notice

Defendant argues that she was not properly served with the summons and complaint. (Doc. No. 84-1 at 3.) While Defendant Reddy is not currently seeking to dismiss the complaint for improper service under Rule 12(b), the propriety of service is relevant under the first prong of the culpability test. Here, the improper service supports Defendant Reddy's position that she did not have any notice, actual or constructive, of the filing of the action until after the default was entered.

Service of an individual within a judicial district of the United States is governed by Federal Rule of Civil Procedure 4(e), which states that process my be served by:

(1) following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual

personally; [or]...

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Reddy was not properly served under Rule 4(e)(2). It appears that the U.S. Marshall mistakenly filled out the summons form filed on June 28, 2010, to indicate that Reddy was the person served, and corrected the mistake by re-filing the summons with the name of the person actually served, Harris Koenig. The corrected summons makes clear that Defendant was not personally served under Rule 4(e)(2)(A).[2] (Doc. No. 84-3, Tsumura Decl. ¶5)

Furthermore, Koenig was not an "agent authorized by appointment or law" capable of accepting service on Defendant's behalf. The "agent" referred to in the rule is not just an employee or business agent of some kind, rather, he or she must be an agent specifically designated to receive the service of process. *See Gerritsen v. Escobar Y Cordova*, 721 F.Supp. 253, 256 (C.D.Cal, 1988). Defendant's motion explains that Koenig is CEO of Alvarado Hospital. (Doc. No. 84-1 at 2.) Defendant avers that she is a certified internist at the hospital, she is not an employee of the hospital, she does not regularly interact with Koenig, and she was never notified by Koenig of the service. (Doc. No. 84-1 at 2; Doc. No. 84-4, Reddy Decl. ¶4) There is no evidence to suggest that Koenig and Reddy have an agency relationship of any kind. In fact, Reddy declares that she did not learn of the lawsuit until nine days after default was entered when she was contacted by a co-defendant's insurance adjuster. (*Id.*)

Nor was service proper under Rule 4(e)(1). In California, an individual may be served by delivering the summons and complaint to someone authorized to accept service on his or her behalf. *See* CCP § 416.90. Similar to the federal rule, being a person's agent for purposes other than to accept service is not enough to establish actual or implied authority to accept service of process "even if their relationship makes it highly probable that defendant will receive actual notice of the lawsuit." *Summers v. McClanahan* 140 Cal.App.4th 403, 414 (2006). Again, there is no evidence to suggest that Koenig had been designated by Reddy to

---

[2]The corrected summons includes an attachment of a photocopy of Harris Koenig's business card.

1   receive service on her behalf.

2       The lack of compliance with the rules of service supports Defendant Reddy's argument

3   that she lacked the requisite notice to establish culpability. The Court finds that Defendant did

4   not have actual or constructive notice, as she was never personally served and has only a

5   tenuous relationship with the person served on her behalf.

6       **2.  Intentionally Failed to Answer**

7       Regarding the second prong of the culpability test, a defendant's conduct is intentional

8   if it is willful, deliberate, or in bad faith. *TCI Group Life Ins. Plan*, 244 F.3d at 697. In her

9   declaration, Reddy indicates that she was not aware of the lawsuit until October 15, 2010,

10  when she was contacted by Robin Shirey, who is the insurance adjustor for co-defendant,

11  Richard Butcher, M.D. (Doc. No. 84-4, Reddy Decl. ¶3.) Reddy declared that within seven

12  days of learning of the lawsuit, she notified her insurance carrier, was appointed counsel, and

13  obtained a hearing date for Motion to Set Aside Default. (Doc. No. 84-4, Reddy Decl. ¶3; Doc.

14  No. 84-3, Tsumura Decl. ¶4.) Reddy's prompt, appropriate steps upon learning of this action

15  constitute a good faith response to the default and establish that she did not intentionally fail

16  to answer.

17      The Court finds Defendant's conduct was not culpable and did not lead to the default

18  being entered. Therefore, this factor weighs in favor of setting aside the default.

19  **B. Whether the defendant has a meritorious defense**

20      A defendant seeking to vacate a default judgment must present specific facts that would

21  constitute a defense. *TCI Group Life Ins. Plan*, 244 F.3d at 700. While a "mere general denial

22  without facts to support it" is not sufficient, the burden on a party seeking to vacate a default

23  judgment is not extraordinarily heavy.  *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969); *TCI

24  Group Life Ins. Plan*, 244 F.3d at 700 (citing *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th

25  Cir.1978) (explaining that the movant need only demonstrate facts or law showing that "a

26  sufficient defense is assertable")). Again, since Reddy is only trying to set aside the entry of

27  default, rather than a default judgment, the Court's discretion is especially broad. *See

28  O'Connor v. Nevada*, 27 F.3d at 364.

Defendant argues that she will easily defeat Plaintiff's allegation that she intentionally omitted from the record the existence of two masses in his liver. (Doc. No. 84-1 at 6.) Defendant points out that Plaintiff has been convicted of killing his wife, has been diagnosed with mental and emotional disorders, and has cirrhosis of the liver due to alcohol abuse and hepatitis C. (*Id.*) Defendant argues that the MRI she took of Plaintiff's abdomen "clearly showed that the plaintiff did not have any liver masses."(*Id.*)

The Court finds Defendant's discussion of Plaintiff's underlying conviction is inappropriate and lends no support to any potential medical malpractice defense. Whatever Plaintiff has been convicted for in the past does not bear any relation to the adequacy of his medical treatment by Defendant. In pointing out Plaintiff's mental diagnosis and cirrhosis of the liver, Defendant seems to suggest that because Plaintiff is mentally deranged, he believes his pain is coming from a nonexistent tumor when it is actually coming from cirrhosis. An MRI that shows no liver masses would constitute a meritorious defense. Since Defendant has pled facts that, if true, constitute an assertable defense, this factor also weights in her favor.

**C. Whether setting aside default would prejudice the plaintiff**

Merely being forced to litigate on the merits is not prejudicial. *TCI Group Life Ins. Plan*, 244 F.3d at 701. To determine prejudice, the Court looks at whether the plaintiff's ability to pursue his claim will be hindered. *Id*. Such hindrance must result in greater harm than simply delaying resolution of the case, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (citing *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-4 (6th Cir. 1996)).

Since the entry of the default against her, Defendant Reddy has litigated diligently, and the Court finds no harm due to the delay. Plaintiff has not argued he would be prejudiced by setting aside the default and resolving the case on its merits. This factor plainly favors granting the motion to vacate the entry of default.

**VI. Conclusion and Recommendation**

Considering the relevant standard and the strong policy favoring decisions on the merits, the Court concludes that setting aside default as to Reddy is appropriate. *See TCI*

*Group*, 244 F.3d at 696. Reddy has shown that good cause exists to vacate the entry of default and the Court concludes that her motion was timely filed. *See id*. Accordingly, the undersigned Magistrate Judge recommends that Plaintiff's motion to enter default judgment be **DENIED** and Defendant's motion to set aside entry of default be **GRANTED**. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS HEREBY ORDERED** that no later than <u>**December 20, 2010**</u>, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within <u>**10 days**</u> of being served with the objections.

**IT IS SO ORDERED**.

DATED: December 1, 2010

**BERNARD G. SKOMAL**
United States Magistrate Judge