1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

FLOYD MOODY,
CDCR #G-26035,

12
                                        Plaintiff,

13        vs.

14

15

16
FINANDER, *et al.*

17
                                        Defendant.

18

CASE NO. 09CV0892-LAB (JMA)

**ORDER OVERRULING
PLAINTIFF'S OBJECTIONS TO
REPORT AND
RECOMMENDATION;**

**ORDER SETTING ASIDE
DEFAULT AGAINST DEFENDANT
MANORMA REDDY; AND**

**MOTION DENYING PLAINTIFF'S
MOTION FOR ENTRY OF
DEFAULT JUDGMENT**

19        On October 8, 2010, default was entered against Defendant Dr. Manorma Reddy, and

20   Moody moved for entry of a default judgment against her.  On November 1, Reddy then

21   moved to set aside the default, arguing she hadn't been served and had only discovered the

22   lawsuit after entry of default, when another Defendant's insurance adjuster told her.  The

23   motions were referred to Magistrate Judge Jan Adler for report and recommendation.

24   Moody didn't oppose the motion, and on December 1, Judge Adler issued his report and

25   recommendation (the "R&R"), recommending that the default be set aside and default

26   judgment be denied.

27        Moody then filed his opposition late.  In an order issued December 8, the Court said

28   it would construe Moody's opposition as his objections to the R&R, but gave Moody leave

1   to amend his objections no later than December 20 if he wished to do so.  Moody didn't file
2   any amended objections, so the Court will treat his late-filed opposition (docket number 93)
3   as his objections to the R&R.

4         A district court has jurisdiction to review a Magistrate Judge's report and
5   recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge to whom
6   the case is assigned shall make a de novo determination upon the record, or after additional
7   evidence, of any portion of the magistrate judge's disposition to which specific written
8   objection has been made in accordance with this rule."  *Id.*  "A judge of the court may accept,
9   reject, or modify, in whole or in part, the findings or recommendations made by the
10  magistrate judge."  28 U.S.C. § 636(b)(1)(C).   The Court reviews de novo those portions of
11  the R&R to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d
12  1114, 1121 (9th Cir. 2003).

13        The R&R sets forth the factual history.  (R&R, 1:26–2:22.)  Because Moody is
14  proceeding *in forma pauperis*, service was to have been carried out by a U.S. marshal at the
15  address Moody provided.  The R&R found Reddy was not properly served.  The marshal at
16  first filed a return of service showing process had been served on Reddy personally, but then
17  submitted a corrected return of service showing the papers had been given to Harris Koenig
18  at the hospital where Reddy had staff privileges, to be given to her.

19        In his objections, Moody urges the Court to disbelieve the corrected return of service,
20  believe the earlier-filed return of service was correct, and find Reddy was properly served.
21  But Reddy has submitted evidence showing she was never served and doesn't frequently
22  interact with Koenig.  Moody speculates that there is no way she could have been ignorant
23  of the suit, but his speculation isn't an adequate reason for rejecting the evidence.

24        Moody also argues that giving the summons and complaint to Koenig was adequate
25  substitute service.  In support of this argument, he cites Fed. R. Civ. P. 4(e)(2)(B), which
26  provides that an individual may be served in a judicial district of the United States by "leaving
27  a copy of each at the individual's dwelling or usual place of abode with someone of suitable
28  age and discretion who resides there . . . ."  He insists that this was accomplished when the

marshal gave the papers to Koenig at the hospital.  But Moody apparently misunderstands what "dwelling," "abode," and "reside" mean — they refer to the place a person lives.  Reddy and Koenig worked at the hospital, but it doesn't appear either one lived there.  He also cites Rule 4(e)(2)(C), arguing that because Koenig was the hospital's CEO, he was therefore Reddy's agent for service of process.  But there is no evidence Koenig was "authorized by appointment or by law to receive service of process," as required under this provision.

Moody also makes the general argument that Reddy is flouting the rules and argues for strict enforcement of deadlines.  He submits his own declaration stating that Reddy is acting in bad faith and attempting to defraud the Court, but this testimony is speculative and not based on any personal knowledge.  In the same vein, he argues the entry of default procedurally bars Reddy from appearing and attempting to defend herself.  Bearing in mind that Moody himself has benefitted from the Court's lenience and been granted extensions of time and relief from missed deadlines, it is surprising he would argue for strict and inflexible enforcement of rules and deadlines.  Moreover, he is wrong to believe that an entry of default deprives a defendant of any opportunity to seek relief.  The Court is also mindful of the strong policy favoring judgments on the merits rather than "the harsh sanction of default."  *United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted).

The largest part of Moody's objections is spent arguing the merits of his claims against Reddy.  While this would be relevant to a motion for default judgment, it is irrelevant to the question of whether Reddy was properly served.  Because it is clear Reddy was not properly served under any provision of law — and, moreover, has appeared and is prepared to defend herself in this action — the entry of default must be set aside.  Moody's motion for default judgment must therefore fail.

The Court has reviewed the remainder of the R&R and finds it to be correct.  Moody's objections are therefore **OVERRULED**.  The Court **ADOPTS** the R&R, and the entry of default against Defendant Reddy is **SET ASIDE**.  Because the default has been set aside, Moody's motion for default judgment is **DENIED**.

09CV0892

1   Reddy's pleadings point out that she was erroneously sued as "Manoram Reddy" and

2   that her first name is "Manorma."  The Clerk is therefore directed to correct the docket to

3   reflect this change.

4       **IT IS SO ORDERED**.

5   DATED:  January 5, 2011

6

7       **HONORABLE LARRY ALAN BURNS**
        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09CV0892