# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD STEVESON MOODY,<br><br>       Plaintiff,<br><br>vs.<br><br>PAULETTE FINANDER, Chief Medical Officer, et al.,<br><br>       Defendants. | CASE NO. 09-CV-0892-LAB (BGS)<br><br>**REPORT AND RECOMMENDATION TO:**<br>**(1) DENY AS MOOT DEFENDANT REDDY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6); &**<br>**(2) DENY DEFENDANT REDDY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(5) & ALTERNATIVELY QUASH INEFFECTIVE SERVICE** |

## I. INTRODUCTION

Plaintiff Floyd Moody, a California state prisoner currently incarcerated at Pleasant Valley State Prison ("PVSP"), proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §1983. On June 4, 2009, Plaintiff filed a First Amended Complaint ("FAC") against Paulette Finander, K. Ball, Richard Butcher, and Manorama Reddy[1], alleging that he received inadequate medical care in violation of the Eighth Amendment[2]. (Doc. No. 4.)

---

[1] Erroneously sued as Manoram Reddy.

[2] Plaintiff also asserted a conspiracy claim in his First Amended Complaint, which was dismissed without leave to amend by the Court in an Order dated April 1, 2010. (Doc. No. 38 at 12-13, n.2.)

Currently pending before the Court is Defendant Reddy's motion to dismiss the FAC pursuant to Fed.R.Civ.P. 12(b)(5) for failure to properly serve her with the FAC.[3] (Doc. No. 103.) Defendant Reddy also moves to dismiss Plaintiff's conspiracy claims against her pursuant to Fed.R.Civ.P. 12(b)(6). (*Id.*) Plaintiff filed a response in opposition on February 3, 2011. (Doc. No. 116.) Defendant Reddy filed a reply on February 28, 2011. (Doc. No. 117.)

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation (R&R). For the reasons set forth below, the Court **RECOMMENDS** that Defendant's motion to dismiss pursuant to Rule 12(b)(5) be **DENIED** and alternatively that ineffective service on Defendant Reddy be quashed. Additionally, because Plaintiff's conspiracy claims were dismissed without leave to amend on April 1, 2010 (Doc. No. 38 at 12-13, n.2), the Court **RECOMMENDS** that Defendant's motion to dismiss pursuant to Rule 12(b)(6) be **DENIED AS MOOT**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint on April 20, 2009, and his First Amended Complaint ("FAC") on June 4, 2009. (Doc. Nos. 1, 4.) Because Plaintiff was granted *in forma pauperis* status, service of his FAC was to be carried out by a U.S. marshal at the address Moody provided for each defendant. (Doc. No. 10.) On July 17, 2009, a summons on the FAC was issued as to Defendant Reddy and was returned unexecuted on August 13, 2009, indicating that the defendant was out of the country. (Doc. Nos. 11, 14.) On April 1, 2010, the Court dismissed Defendant Reddy for Plaintiff's failure to effect service within 120 days pursuant to Fed.R.Civ.P. 4(m), dismissed Plaintiff's conspiracy claims against all Defendants without leave to amend, and ordered Defendants Finander, Ball, and Butcher to answer the FAC. (Doc. No. 38 at 21.)

Following the Court's dismissal of Reddy, Plaintiff filed a request to reserve Reddy.

---

[3] In her motion, Defendant Reddy makes several arguments concerning the statute of limitations on Plaintiff's claims against her. In her reply, Defendant Reddy withdraws these arguments in light of the Court's order granting Plaintiff an extension of time to serve (Doc. No. 58). (Doc. No. 117 at 2.)

1  (Doc. No. 43.) On June 9, 2010, the Court granted Plaintiff's request for an extension of time
2  to attempt to serve the FAC and summons upon Defendant Reddy pursuant to Rule 4(m).
3  (Doc. No. 58 at 6-7.) In its order, the Court directed the Clerk of Court to issue an additional
4  "IFP Package," Plaintiff to complete, as accurately and clearly as possible, the new USM
5  Marshal Form 285 provided to him, and the U.S. Marshal to re-attempt service upon Defendant
6  Reddy within 30 days of receiving Plaintiff's new USM Form 285. (*Id.* at 7.) On June 10,
7  2010, a summons was again issued as to Defendant Reddy. (Doc. No. 59.)

8  On June 28, 2010, what appeared to be an executed summons as to Reddy was filed
9  with the clerk. (Doc. No. 61.) On the executed summons, the U.S. Marshal or Deputy certified
10 that at 9:25 a.m. on June 23, 2010, he or she personally served the "individual... at the address
11 shown above," namely Manoram Reddy, with the summons and FAC. (Doc. No. 61.) On
12 October 8, 2010, Plaintiff filed a request for entry of Clerk's default against Reddy because
13 Reddy had failed to plead or otherwise respond to the FAC within the time prescribed by the
14 Federal Rules of Civil Procedure. (Doc. No. 75.) On October 8, 2010, the Clerk entered default
15 against Reddy and Plaintiff filed a motion for default judgment against Reddy. (Doc. Nos. 76,
16 77.) On October 27, 2010, an executed summons was filed that was identical to the summons
17 filed on June 28, 2010, except that it instead identified Harris Koenig as the person actually
18 served. (Doc. No. 83.) On November 1, 2010, Defendant Reddy filed a motion to set aside
19 default. (Doc. No. 84.)

20 On December 1, 2010, the undersigned filed a Report and Recommendation to deny
21 Plaintiff's motion for default judgment and to grant Defendant Reddy's motion to set aside the
22 default. (Doc. No. 89.) On January 5, 2011, the Court adopted the Report and
23 Recommendation to set aside the default judgment and found that Defendant Reddy had not
24 been properly served under any provision of law. (Doc. No. 102 at 3.) Defendant Reddy now
25 moves to dismiss the FAC for insufficient service of process.

26 **III. STANDARD OF REVIEW**

27 Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal
28 due to insufficient service of process.. Fed.R.Civ.P. 12(b)(5). "A federal court does not have

jurisdiction over a defendant unless the defendant has been served properly [with the summons and complaint] under Fed.R.Civ.P. 4 .... [W]ithout substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d 685, 688 (9th Cir.1988) (citations omitted); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), amended by, 807 F.2d 1514 (9th Cir.1987); *see also Miss. Publ'g Corp. v. Murphree*, 326 U.S. 439, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). Once service of process is challenged, the "plaintiff[ ] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976).

## IV. DISCUSSION

Defendant Reddy asserts that she has never been properly served pursuant to Fed.R.Civ.P. 4 and therefore the FAC should be dismissed as to her. The Court agrees that Plaintiff has not properly served Defendant Reddy with the summons and FAC.

Service of an individual within a judicial district of the United States is governed by Federal Rule of Civil Procedure 4(e), which states that process my be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

As the Court previously found, Defendant Reddy was not properly served pursuant to Rule 4(e)(2). (*See* Doc. No. 89 at 4; Doc. No. 102 at 3.) The U.S. Marshal initially filed a return of service on June 28, 2010 indicating that Reddy was personally served. The U.S.

1  Marshal then filed a corrected summons with the name of the person actually served, Harris
2  Koenig. (Doc. No. 83; Doc. No. 84-3, Tsumura Decl. ¶5.)  The corrected summons makes
3  clear that Defendant was not personally served under Rule 4(e)(2)(A).[4] (*Id.*)

4        The Court also previously found Plaintiff did not properly serve Defendant Reddy under
5  Rule 4(e)(2)(B).  (Doc. No. 102 at 2-3.)  The Court noted that Reddy and Koenig worked at
6  Alvarado Hospital, but there was no appearance that either one lived there.  (Id. at 3.)
7  Therefore, the Marshal's service on Koenig at the hospital was not leaving a copy at Reddy's
8  dwelling or usual place of abode with someone of suitable age and discretion who also resides
9  there.

10        The Court also previously noted that Koenig was not an "agent authorized by
11  appointment or law" capable of accepting service on Defendant's behalf pursuant to Rule
12  4(e)(2)(C).  (Doc. No. 89 at 4; Doc. No. 102 at 3.)  The "agent" referred to in the rule is not
13  just an employee or business agent of some kind, rather, he or she must be an agent specifically
14  designated to receive the service of process. *See Gerritsen v. Escobar Y Cordova*, 721 F.Supp.
15  253, 256 (C.D.Cal, 1988). Defendant's motion to set aside the default explained that Koenig
16  is CEO of Alvarado Hospital. (Doc. No. 84-1 at 2; *see also* Doc. No. 83 at 2.)  In her
17  declaration made in connection with the motion to set aside default, Defendant avers that she
18  is a certified internist at the hospital, she is not an employee of the hospital, she does not
19  regularly interact with Koenig, and she was never notified by Koenig of the service. (Doc. No.
20  84-1 at 2; Doc. No. 84-4, Reddy Decl. ¶4.) Plaintiff offers no evidence to suggest that Koenig
21  and Reddy have an agency relationship of any kind. (Doc. No. 116.)  In fact, Reddy declares
22  that she did not learn of the lawsuit until nine days after default was entered when she was
23  contacted by a co-defendant's insurance adjuster. (*Id.*)

24        The Court also previously found that service was not proper under Rule 4(e)(1). (Doc.
25  No. 89 at 4-5.)  In California, an individual may be served by delivering the summons and
26  complaint to someone authorized to accept service on his or her behalf. *See* CCP § 416.90.

27

---

28      [4]The corrected summons includes an attachment of a photocopy of Harris Koenig's business card.

Similar to the federal rule, being a person's agent for purposes other than to accept service is not enough to establish actual or implied authority to accept service of process "even if their relationship makes it highly probable that defendant will receive actual notice of the lawsuit." *Summers v. McClanahan* 140 Cal.App.4th 403, 414 (2006). Again, there is no evidence to suggest that Koenig had been designated by Reddy to receive service on her behalf.

Accordingly, the Court finds that Plaintiff has not met his burden of demonstrating valid service upon Defendant Reddy within the extension of time under Rule 4(m) permitted by the Court. Plaintiff's arguments that Defendant Reddy has actual knowledge of the allegations in the FAC and this lawsuit is insufficient to defeat a motion pursuant to Rule 12(b)(5). *Direct Mail Specialists, Inc.*, 840 F.2d at 688.

Upon a finding that service was not proper, the court in its discretion may dismiss the action or quash service of process. *Stevens*, 538 F.2d AT 1389. Under Rule 4(m), the court must extend the time for service if the plaintiff shows good cause for the failure to timely serve and has discretion to either dismiss the action or extend time for service even if plaintiff cannot establish good cause. Fed.R.Civ.P. 4(m). The Court finds there is a good cause for the failure to serve Defendant Reddy properly and within the time permitted by the Court. Plaintiff provided the U.S. Marshal with Defendant's work address and he reasonably relied on the initial return of service indicating that Defendant Reddy was personally served by the Marshal on June 23, 2010. (Doc. No. 61.) Plaintiff had until July 9, 2010 to return the USM Marshal Form 285 to the U.S. Marshal, and the Marshal had 30 days from the receipt of Plaintiff's USM Form 285 to re-attempt service of Defendant Reddy. (Doc. No. 58 at 7.) At the latest, the U.S. Marshal had until August 8, 2010 to serve Defendant Reddy. Plaintiff reasonably believed service was made within this time period and had no basis to believe service was not properly and timely effectuated until the corrected summons was filed on October 27, 2010. (Doc. No. 83.) The Court also notes there is no reason to believe Plaintiff could not properly execute service upon Defendant Reddy by personally serving her. Therefore, the Court recommends denying Defendant Reddy's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5), quashing the ineffective service of process upon Defendant Reddy, and allowing Plaintiff an

extension of time under Rule 4(m) to attempt to effectuate proper service on Defendant Reddy.

## VI. Conclusion and Recommendation

For the reasons set forth above, the undersigned Magistrate Judge recommends:

1. Defendant Reddy's motion to dismiss Plaintiff's conspiracy claims pursuant to Fed.R.Civ.P. 12(b)(6) be **DENIED AS MOOT**;

2. Defendant Reddy's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) be **DENIED,** and instead the ineffective service on Defendant Reddy be **QUASHED**; and

3. Granting Plaintiff an extension of time under Fed.R.Civ.P. 4(m) to effectuate proper service on Defendant Reddy and directing the U.S. Marshal, pursuant to Fed.R.Civ.P. 4(c)(3), (m) and 28 U.S.C. §1915(d), to re-attempt service of the FAC and summons upon Defendant Reddy within 30 days of the date of the District Judge's Order on this Report and Recommendation.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS HEREBY ORDERED** that no later than **September 9, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 23, 2011**.

**IT IS SO ORDERED**.

DATED: August 26, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge