1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   FLOYD MOODY,                          CASE NO. 09CV0892-LAB (BGS)
     CDCR #G-26035,
12                                         **ORDER DIRECTING ENTRY OF**
                              Plaintiff,   **FINAL JUDGMENT AS TO**
13                                         **DEFENDANTS FINANDER, BALL,**
                                           **AND BUTCHER;**
     vs.
14
                                           **ORDER CERTIFYING APPEAL IS**
15                                         **NOT TAKEN IN GOOD FAITH;**
16                                         **ORDER DENYING MOTION TO**
                                           **STRIKE BILL OF COSTS; AND**
17   PAULETTE FINANDER, *et al.*
                                           **ORDER REQUIRING PLAINTIFF**
18                            Defendants.  **TO PROVIDE FORM FOR**
                                           **SERVICE OF PROCESS**
19
20         On September 23, 2011, the Court issued an order adopting Magistrate Judge

21   Bernard Skomal's report and recommendation, granting partial summary judgment, and

22   dismissing with prejudice all claims against Defendants Finander, Ball, and Butcher.  Dr.

23   Reddy had not yet been properly served, and the Court granted an extension of time in which

24   to accomplish service.

25   **I.     Final Judgment as to Defendants Finander, Ball, and Butcher**

26         Following the Court's order, the Clerk entered judgment as to Defendants Finander,

27   Ball, and Butcher, and costs were taxed.  Moody then filed a notice of appeal.  Although the

28   Court had not directed that judgment be entered as to these Defendants, *see* Fed. R. Civ.

                                        - 1 -

1  P. 54(b), it finds no just reason for delay, and does so now.  The Court, *nunc pro tunc*, directs

2  entry of final judgment as to claims against Defendants Finander, Ball, and Butcher.

3  **II.     Whether Appeal is Taken in Good Faith**

4         Having entered final judgment as to these Defendants, the Court now turns to the

5  question of whether an appeal would be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

6  Because Moody has already filed his notice of appeal, the Court considers his stated bases

7  for appeal there, but also considers whether he could bring any appeal in good faith.

8         This action was brought under 42 U.S.C. § 1983.  Moody has serious medical

9  problems, but the uncontested evidence and even his own admissions show Drs. Finander,

10  Ball, and Butcher were not deliberately indifferent to them.  At most, one or more of them

11  might have been negligent. *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th

12  Cir. 1980) (explaining that negligence in diagnosing or treating a medical condition does not

13  give rise to an Eighth Amendment claim).  Furthermore, it did not result in any harm to him.

14  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that a plaintiff bringing a

15  § 1983 deliberate indifference claim must show, among other things, that the defendant's

16  deliberate indifference caused harm).  Moody's chief complaint was that he was not timely

17  screened for liver cancer.  But when he was screened, liver cancer was ruled out. He now

18  agrees he does not have liver cancer, and never did. He made no showing of any harm that

19  resulted from a delay in conducting that screening.

20         Moody also suffers from numerous other diseases and medical problems, but the

21  uncontroverted evidence shows Drs. Finander, Ball, and Butcher have been making

22  extensive efforts to diagnose and treat these, to the extent possible.  The fact that Moody

23  disagrees, however violently, with their course of treatment does not amount to a denial of

24  his constitutional rights.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)

25  (difference of opinion between prisoner and his doctors does not constitute deliberate

26  indifference).  The uncontroverted evidence also show some of Moody's medical problems,

27  notably hepatis C, cannot safely be treated until his overall health improves, and these

28  doctors' failure to do the impossible does not give rise to any meritorious cause of action.

1   The mere fact that Moody is in pain as a result of generally poor health and untreatable
2   conditions is unfortunate, but it does not create liability.

3         Moody's notice of appeal raises other arguments that are belied by the record.  His
4   mere arguments and allegations are insufficient to render summary judgment inappropriate,
5   however.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (in the summary judgment
6   context, holding that a plaintiff "can no longer rest on such mere allegations, but must set
7   forth by affidavit or other evidence specific facts" to resist the motion).

8         The Court therefore certifies that Moody's appeal is not taken in good faith, and that
9   no appeal from the grant of summary judgment in favor of Defendants Finander, Butcher,
10  and Ball would be taken in good faith.

11  **III.    Motion to Strike Bill of Costs**

12        On October 6, a notice regarding the bill of costs filed by Defendant Finander (who
13  was represented by private counsel) was filed in the docket and sent to Moody.  The notice
14  gave Moody until October 21, 2011 to file any opposition or responsive pleading.   No
15  opposition was received, and on October 25 costs in the amount of $1,174.75 were taxed
16  against Moody.  Then the Court received by discrepancy order Moody's motion to strike the
17  bill of costs, which was apparently sent on October 18.  Because the motion to strike was
18  submitted before costs were taxed, the Court now considers that motion as an opposition to
19  the bill of costs.

20        Under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, costs are awardable to a prevailing
21  party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provide
22  otherwise, and costs are taxable by the Clerk of Court.   Moody does not identify any
23  nontaxable costs or error in taxing costs, but argues he should not have to pay costs
24  because he proceeded *pro se* and *in forma pauperis*, he is a prisoner, and he brought his
25  claims in good faith, and they were not frivolous nor malicious.

26        None of these are adequate reasons for forcing Finander to bear the costs of
27  defending herself, however.  Rule 54 "creates a presumption in favor of awarding costs to
28  a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of*

1    *Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A

2    court may consider the losing party's financial resources. *Id.* at 592 (quoting *Stanley v. Univ.*

3    *of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir.1999)). But "it is incumbent upon the losing party

4    to demonstrate why the costs should not be awarded." *Stanley*, 178 F.3d at 1079 (citation

5    omitted).

6    　　　Merely asserting indigence does not show why costs should not be awarded.  While

7    the costs are high considering Moody's limited resources, he has made is no showing he

8    cannot reasonably pay them off over time, as provided by statute. *See* 28 U.S.C.

9    § 1915(f)(1)–(2) (providing for payment of costs by prisoners proceeding *in forma pauperis*).

10   It is worth noting that this statute contemplates that even indigent prisoners can be required

11   to pay costs, so the fact that Moody is both does not exempt him from responsibility.

12   　　　Moody's *pro se* status and claims of subjective good faith carry no weight. While the

13   Court did not expressly find his claims to be brought frivolously or maliciously, this is not a

14   close case, and he had no reasonable basis for bringing these claims.  Before reviewing the

15   available records and conducting his own preliminary research (which Fed. R. Civ. P. 11(b)

16   obliged him to do before filing suit), Moody might have believed he had a case.  But

17   afterwards, such a belief was unreasonable.  That is not to say he is not sincerely convinced

18   his cause is just.  But even if he does believe this, his belief has no reasonable basis.  Moody

19   knows the three doctors did not cause his illnesses, that they have made very extensive

20   efforts to diagnose and treat him, and that he does not have liver cancer.  Yet he persisted

21   in suing these doctors, and pointlessly imposing costs on them.

22   　　　Furthermore, the standard for awarding fees does not require a showing of malice or

23   frivolousness; all that is necessary to collect costs is that a party prevail, which Dr. Finander

24   has done.  Forcing her to bear the costs of defending against such baseless claims is

25   unreasonable and unjust.

26   　　　Moody also asks that the bill of costs be stricken because he has appealed.  But filing

27   a notice of appeal does not require that the bill of costs be stricken, nor does the Court even

28   have jurisdiction to do so.  The bill of costs is now part of the judgment Moody has appealed

from.  *See* 28 U.S.C. § 1920.  The Court of Appeals therefore has jurisdiction over the bill of costs along with the rest of the judgment Moody has appealed from, and this Court has been divested of such jurisdiction.  *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 835 (2002) (Stevens, J., concurring in part and concurring in the judgment).  Should the appellate court reverse this Court's judgment, at least as to Dr. Finander, the award of costs would also be reversed, because Dr. Finander would no longer be the prevailing party.

**IV.    Service on Dr. Reddy**

In its order adopting the R&R, the Court directed the U.S. Marshal to re-attempt service of the First Amended Complaint and summons on Defendant Reddy within 30 days. Moody was sent an *in forma pauperis* packet when that order was entered, so that he could provide the U.S. Marshal information on where to serve Dr. Reddy.  Apparently this order was not sufficiently clear, because the 30-day time period has come and gone, and Moody has not yet provided the Marshal with a completed form.

Moody is therefore **ORDERED**, <u>**within 15 calendar days**</u> of the date this order is issued, to return the form sent to him, completed, so that the Marshal can re-attempt service on Defendant Reddy.  The U.S. Marshal is **ORDERED** to re-attempt service on Defendant Reddy, as directed by Moody on the appropriate form, no later than 45 calendar days from the date this order is issued, and promptly to file a return of service.

**If Moody fails to provide a correctly completed form to the Marshal within the time permitted, all claims against Defendant Reddy may be dismissed without prejudice for failure to serve and for failure to prosecute.**

**IT IS SO ORDERED**.

DATED: 10/28/2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge